# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE D. NEWMAN, | CASE NO. 1:10-cv–02292-BAM PC |
| Plaintiff, | ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| JAMES D. HARTLEY, et al., | (ECF No. 1) |
| Defendants. | |
| _____/ | THIRTY-DAY DEADLINE |

Plaintiff Tyrone D. Newman is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on December 6, 2010, while he was incarcerated at Avenal State Prison.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

Plaintiff brings this action against Defendants Hartley, Downs, Newman, Gabriel, and Peheson alleging violations of the First and Fifth Amendments due to a prison policy that requires him to pay for forms such as inmate grievance forms, citizen's complaint forms, lined legal paper, etc.  In his complaint, Plaintiff states that he did not exhaust administrative remedies because he has been retaliated against for filing inmate grievances and fears further retaliation.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

1   respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

2   confined in any jail, prison, or other correctional facility until such administrative remedies as are

3   available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is required

4   regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). Proper

5   exhaustion is required so "a prisoner must complete the administrative review process in accordance

6   with the applicable rules, including deadlines, as a precondition to bringing suit in federal court."

7   Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 126 S. Ct. 2378,

8   2384 (2006)).

9        The Court takes judicial notice of the fact that the California Department of Corrections and

10  Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit.

11  15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a).

12  Four levels of appeal are involved, including the informal level, first formal level, second formal

13  level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must

14  be submitted within fifteen working days of the event being appealed, and the process is initiated by

15  submission of the appeal to the informal level, or in some circumstances, the first formal level. Id.

16  at §§ 3084.5, 3084.6(c).

17        In order to satisfy section 1997e(a), California state prisoners are required to use the available

18  process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81 (2006).

19  "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court."

20  Jones v. Bock, 127 S. Ct. 910, 918-19 (2007) (citing Porter v. Nussle, 435 U.S. 516, 524 (2002)).

21  "All 'available' remedies must now be exhausted; those remedies need not meet federal standards,

22  nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting Booth, 532 U.S.

23  at 739 n.5). There is no exception to the exhaustion requirement for imminent harm. If the court

24  concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is

25  dismissal without prejudice, even where there has been exhaustion while the suit is pending. Lira,

26  427 F.3d at 1171. Because it is clear from the face of Plaintiff's complaint that he has not yet

27  exhausted the administrative grievance procedure, this action must be dismissed. 42 U.S.C. §

28  1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to

1  nonexhaustion is a valid grounds for dismissal . . . ."); see also Davis v. Pineda, 347 Fed.Appx. 343
2  (9th Cir. 2009) (unpublished).

3      Accordingly it is HEREBY ORDERED that Plaintiff show cause why this action should not
4  be dismissed for failure to exhaust administrative remedies within thirty (30) days of the date of
5  service of this order.  Failure to follow this order will result in the action being dismissed, with
6  prejudice, for failure to comply with the order of the Court.

7      IT IS SO ORDERED.

8  **Dated:**   **February 14, 2012**          **/s/ Barbara A. McAuliffe**
                                                UNITED STATES MAGISTRATE JUDGE
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28