# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE D. NEWMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES D. HARTLEY, et al.,<br><br>    Defendants. | CASE NO. 1:10-cv–02292-BAM PC<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(ECF Nos. 18, 21) |

Plaintiff Tyrone D. Newman is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court is the complaint, filed December 6, 2010. (ECF No. 1.) On December 23, 2010, Plaintiff consented to the jurisdiction of the Magistrate Judge. (ECF No. 5.) On February 14, 2012, the Court screened the complaint and issued an order to show cause for failure to exhaust administrative remedies prior to filing suit. (ECF No. 18.) After receiving an extension of time, on May 1, 2012, Plaintiff filed a reply showing that he received his directors level responses on May 3, 2011 and May 18, 2011. (ECF Nos. 3, 6.)

"[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 127 S. Ct. 910, 918-19 (2007) (citing Porter v. Nussle, 435 U.S. 516, 524 (2002)). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739 n.5). Where the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice, even where there has

been exhaustion while the suit is pending. Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006); Lira v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005); McKinney v. Carey. 311 F.3d 1198, 1200-01 (9th Cir. 2002).

Since Plaintiff filed this action on December 6, 2010, and the director's level responses were not issued until May 2011, Plaintiff had not exhausted administrative remedies prior to filing suit. Although Plaintiff states that his grievance was delayed and he was being retaliated against, Plaintiff response fails to show any conditions that would excuse him from the exhaustion requirement. Because it is clear from the face of Plaintiff's complaint that he had not yet exhausted the administrative grievance procedure at the time he filed this action, this action must be dismissed. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . ."); see also Davis v. Pineda, 347 Fed.Appx. 343 (9th Cir. 2009) (unpublished).

Accordingly it is HEREBY ORDERED that:

1. This action be dismissed, without prejudice, for failure to exhaust administrative remedies prior to filing suit; and

2. The Clerk of the Court is ordered to close this action.

IT IS SO ORDERED.

Dated:   **May 2, 2012**          /s/ **Barbara A. McAuliffe**
                                    UNITED STATES MAGISTRATE JUDGE